**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(BALTIMORE DIVISION)**

| | | |
|---|---|---|
| **DANIEL W. COLLINS, JR.** | : | |
| **32337 DOWNING ROAD** | : | |
| **DELMAR, MD 21875** | : | |
| | : | |
|         **Plaintiff,** | : | |
|    **-vs-** | : | **Civil Action No.**_____ |
| | : | |
| **THOMPSON HOSPITALITY** | : | |
| **SERVICES, LLC** | : | |
| **1741 BUSINESS CENTER DRIVE,** | : | **JURY TRIAL DEMANDED** |
| **SUITE 200** | : | |
| **RESTON, VA 201790** | : | |
| | : | |
| **Serve: Resident Agent** | : | |
|      **CSC-Lawyers Incorporating** | : | |
|      **Service Corp.** | : | |
|      **7 Paul Street, Suite 820** | : | |
|      **Baltimore, MD 21202** | : | |
| | : | |
| **And** | : | |
| | : | |
| **JENA WILLIAMS (In her individual** | : | |
| **capacity as supervisor)** | : | |
| **130 Ocean Aisle Circle, Bldg. 122-304** | : | |
| **Salisbury, MD 21804** | : | |
| | : | |
|        **Defendants.** | : | |

**COMPLAINT**
Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e
Discrimination Based on Sex (Sexual Harassment)
Violation of Md. Code Ann., State Government § 20-601(k), §§ 20- 601(h)(2), 20-601(k), and
20-606(a)(5)

**COMES NOW**, Plaintiff, Daniel Collins, by and through undersigned counsel, Jason C.

Crump, Esquire, hereby files this civil action pursuant to Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000(e) *et. seq.* and Md. Code Ann., State Government § 20-601(k), §§ 20-

601(h)(2), 20-601(k), and 20-606(a)(5)*,* and states as follows:

**JURISDICTION AND VENUE**

1

1.      Jurisdiction is proper pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") and 28 U.S.C. §§ 1331, 1337, and 1343 and 704(a) of Title VII.

2.      This Court has supplemental jurisdiction over Plaintiff's state law claims brought under Md. Code Ann., State Government § 20-601(k), §§ 20- 601(h)(2), 20-601(k), and 20-606(a)(5)

3.      Venue is proper as all actions complained of the result of unlawful employment practices by all the Defendants occurred in the State of Maryland.

4.      Plaintiff, Daniel Collins ("Collins") filed a timely charge with the Washington Field Office of the United States Equal Employment Opportunity Commission ("EEOC") and received his Right to Sue letter dated December 16, 2024.

5.      Plaintiff Collins also brings a state law action under Md. Code Ann. State Government §20-601(k), §§ 20- 601(h)(2), 20-601(k), and 20-606(a)(5)

6.      All conditions precedent to the filing of this suit have been performed or have occurred.

### PARTIES

7.      Plaintiff, Daniel Collins ("Plaintiff" or "Collins) is a resident of the State of Maryland. He was hired as a cook by Defendant, Thompson Hospitality Services, to work at a cafeteria it operates on the campus of the University of Maryland Eastern Shore ("UMES") in Princess Ann, Maryland in 2015.

8.      Defendant, Thompson Hospitality Services, Inc.,  is a Virginia based corporation that owns and operates more than seventy (70) restaurants in Maryland, Virginia, the District of

Columbia, Ohio and Florida.   It is the parent company of Thompson Hospitality Services, LLC which is also a Defendant in this action.

9.      Defendant Thompson Hospitality Services, LLC is the largest minority owned food service provider in the United States. It owns and operates cafeterias on many college campuses throughout the nation including but not limited to the cafeteria operated on the campus of the University of Maryland Eastern Shore.

10.     Upon information and belief, Jena Williams ("Williams"), is employed by Thompson Hospitality Services, LLC as its food service director for its cafeteria located on the campus of the University of Maryland Eastern Shore.  At all times alleged herein, Williams acted as Collins' direct supervisor until he was terminated by her on or about March 18, 2024.

## FACTUAL BACKGROUND

11.     On or about March 2015, Collins was hired as a cook by Thompson Hospitality Services, Inc. and/or Thompson Hospitality Services, LLC. ("Company").

12.     Upon information and belief, Williams was hired by the Company to act as its food service director at a cafeteria it owns and operates on the campus of University of Maryland Eastern Shore ("UMES").  Once she was hired, she directly supervised Collins while he worked as a cook at the cafeteria.

13.     After working more than six (6) years for the Company, Collins expressed to many of his superiors, including but not limited to Williams, that he was interested in being promoted to sous chef.  He also expressed interest in receiving a raise to fairly reflect the growing level of responsibility he was taking on as a cook. These requests were ignored.

14.     On or about March 2023, he asked Williams for a salary increase.  He informed her that if he was not going to get a raise, he was going to quit.  Williams informed him that if he did quit, "[she] will make sure that [Collins] did not work anywhere else."

15.     On or about the same day, while Collins was working inside the UMES cafeteria walk-in freezer, Williams walked into the freezer, exposed her breast, and requested that he come to her.  She grabbed his crotch and pulled his head onto her exposed breast and said, "do what I say."  After a couple minutes, Collins left the walk-in freezer confused and embarrassed.

16.     Since the freezer incident, Williams' sexual overtures toward Collins became progressively worse.  On many occasions throughout the workweek, when she encountered him, she brushed up against him with her breast and made comments with sexual connotations including calling him "her Mandingo."

17.     On or about December 2023, the Company held a Christmas party off campus at the Southbound Bowling Alley in Salisbury, Maryland.  After engaging in flirtatious behavior with Collins at the bowling alley, Williams requested that Collins come to her house to engage in consensual sex.  It was implied through their conversation that by doing so, she would assist him in obtaining the salary increase or promotion that he always requested.  After this initial sexual encounter, Collins and Williams continued their sexual trysts both inside and outside the cafeteria and in public places.

18.     Shortly thereafter, Williams requested that Collins come to her house regularly to do household chores such as doing odd jobs and chores around the house that included but were not limited to cleaning her home, folding her clothes and cooking for her.

19.     after one particular workday, Williams requested that Collins join her after work hours for drinks at the Brew River Bar and Grill in Salisbury, Maryland.  When he arrived, she informed him that she should have been "smashing" him first.  After their meet-up at the bar, she invited him over her house again for sex.

20.     On or about early January 2024, Collins again made it clear to Williams that he wanted a salary increase. However, on this occasion, she told him that he should not ask for a raise again from his other superiors.  Since it was now obvious to him that Williams would never assist him in obtaining a raise despite her repeated requests for sex, he contacted the Company's human resource office and requested a raise again anyway.

21.     After reaching out to human resources, he was immediately confronted by "Mario" (last name unknown), the Company's regional manager who told him that he should not have done that because now the Company's corporate offices will conduct an audit of every employee's salary.

22.     On or about January 2024, Collins reported his on-going sexual relationship to Shawn Jones ("Jones"), one of his other direct supervisors employed by the Company.  He informed him that he engaged in sexual activity with Williams because she made him think that he would get a raise.

23.     On or about February 10, 2024, Collins brought his on-going sexual relationship to the attention of Jones again as a follow-up to their initial conversation in January.  Jones informed Collins that this matter would be investigated and that he would report this matter to the Company's human resource division.  However, Jones never followed up to report the matter.

24. On or about March 18, 2024, Collins engaged in a verbal confrontation with another co-worker after she called him a derogatory name implying that he was a dumb, Black felon. In response, he told her to "suck [his] dick. The co-worker reported his comments to Williams and Collins was immediately terminated.

## COUNT I
**Sex Based Discrimination (Sexual Harassment) under Title VII
of the Civil Rights Act of 1964 et. seq,
Defendant Thompson Hospitality Services, Inc. (Vicarious liability)
Defendant Jena Williams (Supervisory Liability)**

25. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 23, as if set forth herein.

26. Thompson Hospitality Services, Inc. is vicariously liable for the acts or omissions of its employees, including those committed by Defendant Williams, during the course of and in the scope of her employment.

27. Because of Williams' conduct, the Company has discriminated against Collins in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) among other ways by:

a. Creating and maintaining a hostile work environment sufficiently severe and pervasive enough to alter the terms, conditions or privileges of Collins' employment; and

b. Subjecting Collins to a *quid pro quo* sexual relationship whereby it was implied that if he continued his on-going sexual relationship with him, she would make sure that he received a promotion and raise; and

c. Failing or refusing to take prompt or adequate remedial action in response to his complaints of sexual harassment to his supervisor Shawn Jones; and

6

d.      Failing to properly train and guide its supervisors on what constitutes sexual harassment in the workplace.

28.     As a result of the actions of Defendant's supervisory employee, Plaintiff has suffered and continues to suffer mental anguish, pain and suffering and physical damages.

## COUNT II
**Sexual Harassment under MD Code Ann. State Government**
**§§ 20-601(h)(2), 20-601(k), and 20-606(a)(5).**
**Defendant Thompson Hospitality Services, Inc. (Vicarious Liability)**
**Defendant Jena Williams (Supervisory Liability)**

29.     Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 26, as if set forth herein.

30.     Williams was prohibited from sexually harassing Collins pursuant to MD. Code Ann., State Government §§ 20-601(h)(2), 20-601(k), and 20-606(a)(5).

31.     Williams sexually harassed Collins in that she subjected him to sexual advances, requests for sexual favors, or other conduct of a sexual nature and: (i) submission to the conduct was made either explicitly or implicitly a term or condition of Collins' employment; (ii) submission to or rejection of the conduct was used as a basis for employment decisions affecting Collins; and/or (3) based on the totality of the circumstances, the conduct unreasonably creates a working environment that a reasonable person would have perceived to be abusive or hostile.

32.     As a direct and proximate result of the sexual harassment perpetrated by the Company through the actions of Williams, Collins suffered, and continues to suffer, conscious mental anguish and pain and suffering,

33.    At all times relevant to this complaint, Williams: (i) undertook or recommended tangible employment actions affecting Collins' promotion or ability to be promoted and Williams directed, supervised, or evaluated the work activities of Collins.

34.    As a result, Thompson Hospitality Services is liable for the sexual harassment perpetrated by Williams against Collins pursuant to Md. Code Ann., State Government § 20-611.

**WHEREFORE**, Plaintiff demands the following:

1.    Order Defendant Thompson Hospitality Services to provide sufficient remedial relief to Plaintiff to make him, whole for the mental and emotional anguish he suffered as a result of the sexual harassment alleged in this complaint.

2.    Award such other compensatory damages to Plaintiff to fully compensate him for the injuries caused by the Defendants' discriminatory conduct, pursuant to and within the statutory limitations of Title VII; and MD Code Ann. State Government § 20-601(k).

3.    Judgment against the Defendants for reasonable and necessary attorneys' fees as entitled by the Title VII of the Civil Rights Act of 1964 et. seq.  and MD Code Ann. State Government § 20-601(k) plus costs and post judgment interest.

4.    Collins demands judgment against Defendants in the amount of FIVE-HUNDRED THOUSAND DOLLARS ($500,000.00) in economic and non-economic damages, compensatory damages, and lost wages plus costs, pre-judgment interest, and post-judgment interest and ONE-MILLION DOLLARS ($1,000,000.00) in punitive damages against Thompson Hospitality Services, Inc. and/or Thompson Hospitality Services, LLC.

5.    Award such additional relief as justice may require, together with the costs of bringing this action.

Respectfully submitted,

JAY CRUMP, P.A.

/s/ Jason C. Crump

_____

Jason C. Crump, Esq.
MD BAR #200602140001
4200 Parliament Place, Suite 220
Lanham, MD 20706
Tel. (301) 925-2001
Fax (301) 925-2540
jcc@jaycrumpesq.com